---

No. 536

GALLAGHER & NATIONAL SURETY CO. v. NIKOLICS, Admr.

Ohio Appeals, Eighth District, Cuyahoga County
No. 4374. Decided May 7, 1923

This opinion has not been published except in Abstract.

SURETYSHIP—Proof of execution of a bond and charge to jury thereon.

LEVINE, J.:

Epitomized Opinion

Nikolics as administrator sued Gallagher and the National Surety Company, alleging that Gallagher, while patrolman for Cleveland, wrongfully took the life of Andrew LeBoin. Nikolics alleged that Gallagher and the Surety Company gave a bond for $1,000 to the city of Cleveland for the faithful performance of Gallagher's duties as patrolman. The evidence disclosed that a bond purporting to be signed by the National Surety Company as Gallagher's surety was on file with the city; that the bond was signed by Gallagher and the Company, and had the latter's seal affixed to it. Furthermore the bond was endorsed—"Official bond of Charles Gallagher as patrolman. Approved August 8, 1918, Harry L. Davis, Mayor." Gallagher testified that he was appointed police officer, that he applied for a bond to the National Surety Company, that he was bonded for $1,000 and gave but one bond. The Surety Company introduced no evidence as to the bond. The

trial court did not charge the jury to determine whether or not there was due execution and delivery of the bond by the Company. This was assigned an error. The jury returned a verdict for $1,000 and judgment was rendered thereon. The Court of Appeals in affirming the judgment held:

1. Presumptive proof of the execution and delivery of the bond by the National Surety Company was established by the testimony and the court's refusal to direct a verdict was therefore proper.

2. It was not necessary for the trial court to ask the jury to find whether or not there was due execution and delivery of the bond when plaintiff's evidence raised presumptive proof of it and defendants did not meet the presumption by any testimony to the contrary.

Attorneys—Tolles, Hogsett, Ginn & Morley, for Gallagher and the National Surety Company; H. L. Deibel, for Nikolics.

---

No. 537

INDUSTRIAL COM. v. VOEGEL

Ohio Appeals, Seventh District, Mahoning County
No. . Decided March 21, 1923

This opinion has not been published except in Abstract.

WORKMEN'S COMPENSATION—(7) Compensation for injury accellerating death—(2) Necessary deductions from amount recoverable as death benefit.

FARR, J.:

Epitomized Opinion

This is an action brought to recover from the Industrial Commission of Ohio compensation claimed by Frances Voegel for the benefit of herself and her minor child for the death of her husband, Frank Voegel. In 1917 Frank Voegel was employed by one Burt, a confectioner in the city of Youngstown, who was also a contributor to the State Insurance fund under the Workmen's Compensation Law. While in the course of his employment and while taking a freezer of ice cream to the cellar of one of his employer's customers, he slipped and fell to the bottom of the cellar with the ice cream freezer. The accident resulted in a broken rib, and injuries to the stomach and back of the head. Several weeks later Voegel returned to his work and after working for a few days was unable to continue. About three weeks afterwards he died. An autopsy was held, which disclosed that death was due to cancer of the stomach. As the Industrial Commission disallowed the claim the widow appealed to the Common Pleas Court of Mahoning county. The suit in question was brought on the theory that the accident accelerated the disease which had previously existed. The jury found for the plaintiff in the sum of $3,750. Whereupon the Commission prosecuted error. In affirming the judgment of the lower court, the Court of Appeals held:

1. In a proceeding under the Workmen's Compensation Act disability or death from disease, either caused or accellerated by an occurrence in the course of the employment which is an accident is compensable. As the evidence disclosed that death was accellerated by the injury, the widow of the deceased is entitled to compensation because the injury was the superinducing cause of death by accellerating a pre-existing disease.

2. Under GC. 1465-82, where an allowance is made for death, there should be deducted from the six year period over which said allowance is to extend the time that the injured person lived after the accident, which in the instant case was about 14/ therefore the judgment should be modified extent.